THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
IRENE A. SANCHEZ, Defendant-Appellant.

First District (3rd Division)   No. 1—90—1422

Opinion filed December 30, 1992.

Rita A. Fry, Public Defender, of Chicago (Stephen L. Richards, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and David Stabrawa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Irene A. Sanchez, was convicted of retail theft (Ill. Rev. Stat. 1989, ch. 38, par. 16A—3) in a jury trial and sentenced to one year's conditional discharge after she knowingly transferred a $30 price tag from an item of clothing to a woman's jacket with a retail value of $64 and purchased the jacket with the intention of depriving the merchant of less than full retail value of the jacket. On appeal, defendant contends that (1) the prosecutor committed reversible error when he made unsupported and unsubstantiated insinuations during cross-examination; (2) the trial court erred when it excluded photographic evidence that would have supported her defense; and (3) she received ineffective assistance of counsel. We affirm.

■■ Defendant first contends that the prosecutor committed reversible error when he made unsupported and unsubstantiated insinuations during her cross-examination. It is well recognized that the prosecutor may not ask leading questions which imply improper conduct unless evidence can be presented to substantiate the conduct. (*People v. Rivera* (1986), 145 Ill. App. 3d 609, 619, 495 N.E.2d 1088, 1095.) The prosecutor here asked defendant several preliminary questions during cross-examination about her present employment, her husband's employment, the method of transportation she used to get to work, whether she rented or owned her home, the number of children that reside with her, and whether she had hired an attorney to represent her in this matter. Defendant argues that the prosecutor's questions insinuate that she fraudulently misrepresented her financial status in order to have a public defender appointed on her behalf. We find that the prosecutor's questions here do not insinuate that defendant engaged in any improper conduct other than the conduct for which she was charged or otherwise infringe upon her right to remain silent or accept appointed counsel as guaranteed by the United States Constitution. U.S. Const., amends. V, VI.

Defendant further contends that the prosecutor committed reversible error during the cross-examination of defendant's husband when he made unsupported and unsubstantiated insinuations that defendant's husband impersonated his brother and used a credit card that did not belong to him when the jacket in issue was purchased. During cross-examination, the prosecutor asked defendant's husband whether he had a department store charge card, whether he had a brother, whether he knew his brother's date of birth, whether his brother had a middle name, whether his brother uses an alias and where his brother worked. Defense counsel objected to the prosecutor's questions, and the trial

court sustained the objection. Thereafter, the prosecutor concluded his cross-examination. Defendant argues that the prosecutor's questions were highly improper and prejudicial. We find that any prejudice that may have been caused by the prosecutor's questions was cured after defense counsel's objection was sustained by the trial court and the line of questioning ceased. See *People v. Reeves* (1992), 228 Ill. App. 3d 788, 800, 593 N.E.2d 683, 692.

■ Defendant next contends that the trial court erred when it excluded photographic evidence that would have supported her defense. At trial, defense counsel sought to introduce a photograph of defendant taken by police shortly after her arrest to create an inference that defendant was wearing the same outfit at trial that she was wearing at the time of her arrest and to rebut prosecution witnesses' claims that plastic shoplifting prevention fasteners were found in her pants pockets when she was apprehended. The trial court refused to admit the photograph into evidence on the basis that it was inadmissible as a police mug shot. We find that defendant was not prejudiced by the trial court's failure to admit the photograph into evidence because the photograph here is limited to defendant's upper body and torso, and does not reveal the pants defendant was wearing at the time of her apprehension or arrest. Thus, even if the trial court admitted the photograph into evidence, the photograph would not create an inference about the pants defendant was wearing when she was arrested or rebut the testimony of prosecution witnesses about items found in her pants pockets when she was apprehended. Accordingly, because defendant was not prejudiced by the trial court's failure to admit the photograph into evidence, any error is harmless beyond a reasonable doubt.

■ Finally, defendant contends that she received ineffective assistance of counsel because defense counsel failed to preserve meritorious claims of error due to his failure to make a post-trial motion for a new trial. In the present case, no meritorious claims of error were waived due to defense counsel's failure to make a post-trial motion for a new trial. Additionally, our further review of the record reveals that defense counsel's representation here was not so objectively incompetent that he was not functioning as counsel as guaranteed by the United States Constitution. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GREIMAN, P.J., and CERDA, J., concur.