The People of the State of Illinois, Plaintiff-Appellee, *v.* Clifford Ferguson, Defendant-Appellant.

(No. 55918; ▮▮▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—May 9, 1973.

Hogan & Crowe, (Brian L. Crowe and Louis M. Leider, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and William D. Wolter, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Clifford Ferguson, was convicted of murder at a jury trial in the Circuit Court of Cook County and sentenced to 25 to 50 years in the penitentiary. A co-defendant, Michael Garcia, was convicted before Ferguson went to trial.

The defendant appeals from his conviction alleging the court improperly allowed the State to read to the jury a transcript of Tim Johnson's testimony taken at the trial of Michael Garcia; the court erred by refusing to give the jury an instruction limiting the consideration given to the information contained in that transcript; the State improperly suggested during closing arguments that he had given a confession to the police; he did not receive a fair trial because of the trial judge's improper comments and demeanor; he was not proven guilty beyond a reasonable doubt; and restrictions imposed by the trial judge during *voir dire* examination deprived him of his constitutional right to trial by an impartial jury.

The victim, Jeffrey Pecenka, was beaten to death on June 15, 1968, and at Garcia's trial a State's witness, Tim Johnson, testified he saw the victim walking away with Garcia and Ferguson holding his arms. Later that evening he saw both defendants, and Ferguson had blood on his hands, shirt and pants.

During the course of the trial the State called Tim Johnson as its witness. After he responded he did not know either the defendant or the victim, in contradiction to his testimony at the previous trial, the State asked he be called as a court's witness and the State be allowed to proceed as though he were a hostile witness, and the court allowed the motion. Thereafter, the State read the entire transcript of his testimony at the prior trial to the witness over defense objections, pausing from time to time to inquire whether he remembered. The witness responded variously that he did not remember, remembered up to that point, or remembered parts, but he never did give testimony of his own present recollection. He complained his mind was going bad.

On cross-examination Johnson stated he had been told what to say before his testimony in the previous trial, and he had been mentally coerced.

The State asserts it became necessary to read his previous testimony back to him to refresh his memory when he either failed to remember or wilfully refused to testify, and he adopted his previous testimony when he stated he remembered. But at no time was he allowed to review his prior testimony in private out of the presence of the jury, as proper procedure would dictate. The effect was not to refresh his memory so he might testify of his own knowledge and recollection, but to get before the jury the witness' testimony at another trial. That testimony was not competent as evidence and ordinarily would have been admissible only for purposes of impeachment, but in the instant case the material contained in the transcript was so highly prejudicial to the accused it should not have been presented to the jury for any reason. In the case of *People*

*v. McKee* (1968), 39 Ill.2d 265, the court held that where the impeachment of a court's witness bore directly on the guilt or innocence of the defendant, a new trial should be granted where a finding of guilt was based on information contained in the impeachment material. The court stated:

> "Had the case been tried before a jury the admission of such testimony would necessarily constitute reversible error for the reason that such evidence is not competent even for the purpose of impeachment where the statement bears directly upon defendant's guilt or innocence. The prejudicial affect upon a jury would be too much. (*People v. Tunstall*, 17 Ill.2d 160.)"

In *People v. Kimbrough* (1970), 131 Ill.App.2d 36, the court held an instruction by the court admonishing the jury that evidence was being admitted solely for impeachment purposes was not sufficient to mitigate prejudice, when the testimony bore too heavily upon defendant's guilt or innocence.

■■  In the case at bar the court refused to give an instruction which would limit the jury's consideration of the material contained in the transcript and even allowed the State to comment during final argument on information contained in the transcript:

> "MR. CROWE: Objection, Your Honor, he didn't say that.
>
> THE COURT: No, no. That was in the transcript."

It is clear the testimony contained in the transcript bore heavily on Ferguson's guilty or innocence, and it was error for the court to have allowed its presentation to the jury for any reason.

■■  Second, the defendant contends it was error for the State to comment with regard to a confession given by the defendant when the confession had been suppressed. On closing argument the State suggested that Ferguson had made a confession:

> "STATE'S ATTORNEY: And, that some period of time later Clifford Ferguson goes to the police—has a conversation with Detective Heatley, and after that conversation, he is charged with murder.
>
> MR. CROWE [Defense attorney]: Objection.
>
> STATE'S ATTORNEY: And so is Garcia.
>
> MR. CROWE: Objection.
>
> THE COURT: Overruled.
>
> STATE'S ATTORNEY: So, I again ask you, what is the reasonable theory of innocence? Why did he go to the police, guilty conscience, perhaps? But, that does not justify what occurred.
>
> MR. CROWE: Objection, there is no evidence to that.
>
> THE COURT: No, your objection is overruled.

STATE'S ATTORNEY: Why did he go to the police? Again, I say, perhaps a guilty conscience. The fact somebody commits a murder—or commits a dastardly crime, and some period of time later, decides to get it off his chest, that is no excuse.

MR. CROWE: Objection.

STATE'S ATTORNEY: For what was done that day.

THE COURT: Your objection is overruled."

There was no evidence in the record as to any confession and we hold that allowing comment in the final argument was prejudicial error.

Third, the defendant suggests he was prejudiced because the trial judge showed a bias against the defendant by his remarks and conduct. ■■ It is well settled that the court has a duty not to convey improper impressions to the jury. (*People v. Lewerenz* (1962), 24 Ill.2d 295.) In the case at bar the record shows the court was impatient with defense counsel to an extent which could have been prejudicial to the defendant. On two occasions when defense counsel inquired whether he might proceed, the judge invited him to "Go to it," giving rise to the inference that defense counsel's presentation would not be important for the jury to consider. When the defense counsel asked to make an offer of proof in chambers the judge implied there was something improper with wanting to be heard outside the presence of the jury: "I am not going in the back room. The case is going to be heard over here."

■■ We conclude that these and other instances of bias contained in the record along with the previously mentioned errors require the judgment of the Circuit Court of Cook County be reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

ADESKO and JOHNSON, JJ., concur.