THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY RAY STRONG, Defendant-Appellant.

Fourth District Nos. 4—90—0784, 4—90—0785 cons.

Opinion filed June 26, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

This is an appeal from convictions in two separate criminal trials in the circuit court of Vermilion County where Bobby Ray Strong was defendant. The cases, Vermilion County Nos. 89—CF—253 (our No. 4—90—0785) and 90—CF—102 (our No. 4—90—0784), are consolidated on appeal because of a joint sentencing hearing.

In case No. 89—CF—253, the defendant was charged with committing, on August 14, 1989, the offenses of possession with intent to deliver a controlled substance (cocaine) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401), possession of a controlled substance (cocaine) (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2), and unlawful possession of weapons by a felon (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1). The last-named charge was predicated upon a prior conviction of mob action (Ill. Rev. Stat. 1989, ch. 38, par. 25—1). The jury returned verdicts of guilty to each of the four charges.

On May 11, 1990, in Vermilion County case No. 90—CF—102, the defendant was charged with unlawful use of a firearm by a felon (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(a)) and unlawful possession of cannabis (Ill. Rev. Stat. 1989, ch. 56½, par. 704(a)). After a stipulated bench trial, defendant was found guilty of both charges.

Prior to trial in case No. 89—CF—253, defendant filed a motion for severance. During argument on the motion, defense counsel, as part of his argument, contended the introduction of the prior conviction to prove up the necessary element of unlawful possession of weapons by a felon would unduly prejudice defendant as to the remaining charges. While we fail to find reference to *People v. Edwards* (1976), 63 Ill. 2d 134, 345 N.E.2d 496, or *People v. Bond* (1989), 178 Ill. App. 3d 1020, 1023, 534 N.E.2d 156, 159, in the transcript of the hearing on the motion to sever, the State, on appeal, now confesses error and agrees the convictions in case No. 89—CF—253 must be reversed and remanded for separate retrials.

■ In *Edwards*, the supreme court acknowledged that the State must allege and prove a prior conviction in a charge for unlawful possession of weapons by a felon, and it held that a motion for severance from an armed robbery charge should have been granted. The reason for the holding was the prejudice to the defendant by having the prior conviction proved up when it was not relevant to the armed-robbery charge. (See *Edwards*, 63 Ill. 2d at 140, 345 N.E.2d at 499.) Our court in *Bond*, after saying the defendant must file a motion to sever or waive the issue, stated, "[H]ad defendant requested a severance, the court would have been required to grant his request." (*Bond*, 178 Ill. App. 3d at 1023, 534 N.E.2d at 159.) Thus, we are required to reverse and remand all the convictions under case No. 89—CF—253 for new trials. Because there will most likely be retrials in case No. 89—CF—253, it is appropriate to consider other errors defendant has alleged on appeal.

## FACTS

A condensed statement of facts is necessary to understand the proceedings. In case No. 89—CF—253, defendant was walking toward an automobile occupied by another person who was sitting in the front passenger seat. An officer observing the scene caused a license check to be made and found the license plate was issued to a different automobile. By then defendant had started to drive the vehicle, and he was pulled over by the observing officer. The passenger walked away from the scene. Defendant indicated he had recently purchased the vehicle and had applied for title and license. When told that the vehicle would have to be towed, he asked the officer to wait a minute and walked to the passenger side, started to enter the vehicle, and opened the glove box. The officer saw a gun in the glove box, and he pushed defendant to the seat and an arrest was made. The officer's exact testimony was:

"I asked Mr. Strong for the registration, he told me he didn't have it. I told him I was going to have to tow it, and he said go ahead and tow it. So I was preparing to call for a wrecker, and then he stopped me and says, 'Wait a minute, wait a minute.' And then he started to walk around to the passenger side of the Blazer, and I walked with him. He unlocked the driver's door—or I'm sorry, the passenger door, opened it, opened the glove box, and was reaching into it. When I saw him reaching into the glove box I saw a gun, and I pushed him from the rear through onto the passenger side, so that it was taking his hands (indicating) away from the gun. Rather than trying and struggling with it I pushed him through, and then I started handcuffing him, controlling him."

A plastic bag was found on the defendant which contained nine small packets, each of which contained cocaine. The possession of the gun charge was based upon the quoted testimony. Defendant testified at trial that the glove box was not open and that he had never seen the gun.

### STATE'S USE OF POST-ARREST SILENCE

During the State's case in chief, the arresting officer was asked if defendant made any statements immediately after the glove box incident indicating he had no knowledge of the gun. During cross-examination of the defendant he was asked if, after he was arrested, he ever told the police officer who had been sitting in the passenger seat. Defendant's silence, thus failure to explain the gun's presence at the

time of arrest, was again mentioned in the State's closing argument. Defendant contends these uses of his silence are improper.

 █ Generally, prosecutorial questions and remarks concerning a defendant's post-arrest silence are improper, with certain exceptions being made such as for impeaching the defendant's testimony with a prior inconsistent statement. (*People v. Pegram* (1988), 124 Ill. 2d 166, 176, 529 N.E.2d 506, 510.) While the decision in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, which held that the State cannot impeach a defendant by his post-arrest silence, involved silence after a *Miranda* warning, our courts have consistently applied the ruling to post-arrest silence without reference to the *Miranda* warning. (See *Pegram*, 124 Ill. 2d at 175-76, 529 N.E.2d at 510; *People v. Turner* (1989), 128 Ill. 2d 540, 563-64, 539 N.E.2d 1196, 1206; *People v. Johnson* (1988), 170 Ill. App. 3d 828, 834, 525 N.E.2d 546, 551; *People v. Nolan* (1987), 152 Ill. App. 3d 260, 267-68, 504 N.E.2d 205, 210-11; *People v. McMullin* (1985) 138 Ill. App. 3d 872, 876-77, 486 N.E.2d 412, 415.) In *Fletcher v. Weir* (1982), 455 U.S. 603, 605-07, 71 L. Ed. 2d 490, 493-94, 102 S. Ct. 1309, 1311-12, the United States Supreme Court held that *Doyle* did not automatically bar the use of post-arrest, pre-*Miranda* warning silence in cross-examination of a defendant, leaving the issue to the State courts. However, the decision in *McMullin* specifically states the protection from time of arrest, in contrast to the time from the *Miranda* warning, is "rooted in Illinois evidentiary law." (*McMullin*, 138 Ill. App. 3d at 876, 486 N.E.2d at 415.) Because we cannot foretell how the testimony will play out on retrial, it is impossible for us to make the ultimate conclusion at this time as to the propriety of the use of this silence for impeachment purposes, since there are certain exceptions to the general rule. (See *Johnson*, 170 Ill. App. 3d at 834, 525 N.E.2d at 551; *McMullin*, 138 Ill. App. 3d at 877, 486 N.E.2d at 416.) However, this should be sufficient notice that this is an area in which the court must tread very gingerly. What we can say conclusively is that this silence is not admissible for any purpose in the State's case in chief and it should not be so used in the future.

### SUFFICIENCY OF PROOF THAT DEFENDANT WAS ARMED WITH DANGEROUS WEAPON

 █ While the defendant denied knowledge of the gun being in the glove box, the arresting officer testified to defendant's opening the glove box, reaching into it, and the officer seeing the gun. A fact finder could well conclude that if the officer could see the gun, the defendant could also. Reaching into the compartment containing the

gun is evidence, although circumstantial, of defendant's knowledge of the gun's presence. This fact situation is different from that in *People v. King* (1987), 155 Ill. App. 3d 363, 507 N.E.2d 1285, and more in line with the fact situation in *Bond*. On review, when considering the sufficiency of the evidence to support a conviction, " '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.) Here, the evidence, viewed in a light most favorable to the prosecution, shows that all elements of the crime were proved beyond a reasonable doubt.

### WAS IT ERROR TO OMIT THE ELEMENT OF KNOWLEDGE WHEN INSTRUCTING AS TO THE ELEMENTS OF ARMED VIOLENCE?

■ The defendant objected to the State's instruction as to the elements of armed violence because it did not include "knowledge." (See Illinois Pattern Jury Instructions, Criminal, No. 11.20 (2d ed. 1981).) Knowledge of the presence of the gun in the glove box was central to the defense. The jury was well aware that the defense was based upon a theory that defendant could not have had possession of the gun because he did not know of its presence. Our court, in *People v. Burton* (1990), 201 Ill. App. 3d 116, 123, 558 N.E.2d 1369, 1375 (Steigmann, J., concurring in part and dissenting in part), with one judge dissenting in part, held that the element of knowledge, when implied based upon the provisions of sections 4—3 and 4—5 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 4—3, 4—5), need not *necessarily* be included in the instruction. We see no reason to hold contrary to the majority opinion in *Burton*. However, nothing prevents the trial court, on retrial, from instructing as to this element if defendant objects to the pattern issues instruction and tenders an appropriate modified instruction.

### IN REFERENCE TO CASE NO. 90—CF—102, DID THE SMELL OF BURNING CANNABIS PROVIDE PROBABLE CAUSE TO SEARCH THE DEFENDANT AND HIS AUTOMOBILE FOLLOWING A TRAFFIC STOP?

■ We note that the case No. 90—CF—102 conviction is only consolidated in this appeal because there was a combined sentencing hearing. The same defendant was stopped at a different time while driving a motor vehicle for a traffic violation relating to his rolling through a stop sign. The officer making the stop, when approaching

the defendant, detected what he believed to be the smell of burning cannabis. Defendant moved to suppress, alleging the police officer lacked probable cause to search defendant's person and automobile following a traffic stop. A police officer's detection of controlled substances by smell is a permissible method of establishing probable cause for a search. *People v. Stout* (1985), 106 Ill. 2d 77, 87, 477 N.E.2d 498, 502.

The conviction in case No. 89—CF—253 (our No. 4—90—0785) is reversed and remanded, with directions.

The conviction in case No. 90—CF—102 (our No. 4—90—0784) is affirmed.

No. 4—90—0784, Affirmed.
No. 4—90—0785, Reversed and remanded with directions.

SPITZ and GREEN, JJ., concur.