THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON HALLBECK, Defendant-Appellant.
Second District   No. 2—89—1234

Opinion filed April 3, 1992.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary V. Johnson, State's Attorney, of Geneva, and Susan Davis Brunner, of Evanston (John X. Breslin and William L. Browers, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Jason Hallbeck, was convicted of two charges of criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a)) and sentenced to consecutive terms of 200 and 100 days' imprisonment in the Kane County jail on the respective convictions. The first count against him charged that the defendant tipped over some headstones in a cemetery in Hampshire on May 3, 1989. The second count charged that he damaged a toilet of the Hampshire Park District.

The defendant raises two arguments on appeal: first, whether the trial court erred reversibly in admitting a prior inconsistent statement as substantive evidence when the prosecutor failed to lay the foundation for the statement by confronting the witness with it; and, second, whether the conviction on the second count must be reversed when the State failed to present any evidence to support the charge.

As no court reporter transcribed the proceedings, the parties have submitted a bystander's report which they agree contains an accurate

description of the trial. (See 134 Ill. 2d R. 323(d).) However, the report does not contain details of the commission of the crime.

The State's first witness was Christopher Lyga, who testified that on May 3, 1989, in the early morning, he turned over some tombstones. When the prosecutor asked who was with him, he testified that he was alone. The prosecutor asked no further questions, and the defendant had no cross-examination.

The State then called Sergeant Brian Thompson of the Hampshire police department, who testified that on June 22, 1989, he interrogated Lyga at the police department. Sergeant Thompson related that Lyga had said both he and the defendant knocked down the tombstones.

Hampshire police officer Hewitt also testified. He stated that he could not recall any exact quotes from Hallbeck.

The State offered no other testimony, but introduced Lyga's signed confession, in which he admitted that he and the defendant tipped over the tombstones on May 3, 1989. Although the defendant objected to the document, the trial court admitted it as substantive evidence. The bystander's report does not reflect that any witness authenticated the document or the signature; nor does it indicate that Lyga was still in the courtroom when the document was offered without foundation. The record on appeal does not contain the confession.

After the State rested, the defendant moved for a directed verdict, which the trial court denied. The defendant then testified on his own behalf and denied he turned over any headstones. The defendant was found guilty on both counts.

On appeal, the defendant first argues that the trial court erred in admitting Lyga's prior inconsistent written statement as substantive evidence.

Section 115—10.1 of the Code of Criminal Procedure of 1963 now provides:

"In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and

(b) the witness is subject to cross-examination concerning the statement, and

(c) the statement—

(1) was made under oath at a trial, hearing, or other proceeding, or

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and

(A) the statement is proved to have been written or signed by the witness, or

(B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, hearing, or other proceeding, or

(C) the statement is proved to have been accurately recorded by a tape recorder, videotape recording, or any other similar electronic means of sound recording.

Nothing in this Section shall render a prior inconsistent statement inadmissible for purposes of impeachment because such statement was not recorded or otherwise fails to meet the criteria set forth herein." Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1.

■■ A proper foundation must be laid before prior inconsistent statements are allowed into evidence. Part of the necessary foundation is asking the witness whether he made the inconsistent statement. (*People v. King* (1987), 157 Ill. App. 3d 76, 82; see M. Graham, Cleary & Graham's Handbook of Illinois Evidence §§613.1, 613.3 (5th ed. 1990).) Generally, the questioner must direct the attention of the witness to the time, place, and circumstances of the statement and its substance. (*People v. Bradford* (1985), 106 Ill. 2d 492, 500.) The witness must have an opportunity to explain the inconsistency before the introduction of extrinsic evidence of the statement; this requirement prevents unfair surprise and gives the witness an opportunity to explain any inconsistency. (*Bradford,* 106 Ill. 2d at 501; *People v. Cobb* (1983), 97 Ill. 2d 465, 479.) Through this process, the opponent to admission of the statement is properly alerted to the existence of the statement and thus is able to cross-examine the witness regarding it. See also Ill. Rev. Stat 1989, ch. 38, par. 115—10.1(b).

The parties have cited no cases which explain whether a foundation must be laid before a hearsay statement like the one here can be admitted pursuant to section 115—10.1. In every reported case where a prior inconsistent statement was admitted under section 115—10.1, the witness was confronted with the prior statement. See, *e.g., People v. Wheatley* (1989), 187 Ill. App. 3d 371, 376; *People v. Coleman* (1989), 187 Ill. App. 3d 541, 544; *cf. People v. McBounds* (1989), 182 Ill. App. 3d 1002, 1011-13 (hostile witness impeached with written statement by confronting him with it and drawing his attention to time and place of statement; statement admissible substantively when witness explained other circumstances during cross-examination).

According to one source, however, section 115—10.1 contemplates that before a statement is admitted under its provisions, the witness will be confronted with the statement. (See Steigmann, *Prior Inconsistent Statements as Substantive Evidence*, 72 Ill. B.J. 638, 639 (1984), citing 83d Ill. Gen. Assem., House Proceedings, Nov. 1, 1983 (statements of Representative McCracken).) The confrontation requirement seems also to have been assumed by Professor Graham, who wrote, "Since all prior inconsistent statements are not substantively admissible, counsel should not have the unfettered right to introduce extrinsic evidence of such a statement before the witness has an opportunity to admit, deny, or explain the declaration." (Graham, *Employing Inconsistent Statements for Impeachment & as Substantive Evidence: A Critical Review & Proposed Amendments of Federal Rules of Evidence 801(d)(1)(A), 613, & 607*, 75 Mich. L. Rev. 1565, 1609 (1977).) Judge Steigmann, who authored section 115—10.1, based it on Professor Graham's article. See *Coleman*, 187 Ill. App. 3d at 547-48, citing Steigmann, 72 Ill. B.J. at 638, citing 83d Ill. Gen. Assem., House Proceedings, Nov. 1, 1983.

The State never confronted Lyga with his prior inconsistent written statement, but instead introduced the confession only after he and both of the other witnesses had been excused. The bystander's report in this case clearly reveals that Lyga was never asked about the statement and was excused as a witness long before the State tendered his prior inconsistent statement as substantive evidence. The fact that the defendant did not cross-examine Lyga is hardly surprising since he was never questioned about the statement and he testified favorably for the defendant.

■ We hold that section 115—10.1 does not excuse the need for a proper foundation prior to the admission of an inconsistent statement either for impeachment or as substantive evidence. Thus, before introduction of extrinsic evidence of a prior inconsistent statement, the witness must be confronted with it, whether it is offered for impeachment or substantive purposes. In this case, the State failed to comply with that requirement, and the written statement was not properly admitted.

Because Officer Thompson's recounting of Lyga's statement did not meet the requirements for admission as substantive evidence (Ill. Rev. Stat. 1989, ch. 38, par. 115—10.1; *People v. Redd* (1990), 135 Ill. 2d 252, 314), and because the incorrectly admitted written statement was the only other evidence of the defendant's involvement in the headstone incident, the State failed to present sufficient evidence to prove the defendant guilty on count I beyond a reasonable doubt.

Consequently, double jeopardy attached, and this cause cannot be remanded for a new trial. See *People v. Denny* (1991), 221 Ill. App. 3d 298, 303.

For his second argument on appeal, the defendant argues that there was insufficient evidence to show either that a toilet was damaged or that the defendant was the one who caused the damage. The State concedes that the bystander's report does not show Officer Hewitt testified that he heard the defendant make a full confession. The State thus confesses error on this issue. We agree that there was no evidence to find the defendant guilty, and his conviction must be reversed.

For the above reasons, the convictions of the defendant are reversed.

Reversed.

UNVERZAGT and BOWMAN, JJ., concur.