NO. 5-97-0227

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

          Plaintiff-Appellee,       ) Circuit Court of

          v.                        ) Macon County

FORREST E. BUNNING, JR.,            ) No. 96CF795

          Defendant-Appellant.      )

                                    ) Honorable

                                    ) John L. Davis,

                                    ) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Macon County, defendant Forrest E. Bunning, Jr., was found guilty of armed robbery.  720 ILCS 5/18-2(a) (West 1996).  He was sentenced to 25 years' imprisonment to be served consecutive to a sentence imposed in Macon County case No. 95-CF-1134.  Defendant was credited with 254 days previously served.  The issues are whether defendant was denied a fair trial (1) when the prosecutor, during opening statement, told the jury defendant had confessed and referred to two witness­es, but did not call them or produce evi­

dence of a confession; (2) when testimony was presented that he refused to continue with the police in­terrogation and requested counsel; (3) as a result of prosecutorial misconduct in eliciting inadmissible prior consis­tent statements and by using leading questions to complete the impeachment of a witness; (4) when the prosecutor, during closing argu­ment, misstated the law and the evidence and referred to defendant as "playing games" by taking his case to trial in­stead of pleading guilty; and (5) because he was denied the effec­tive assistance of counsel when defense counsel failed to (a) object to the prosecutor's opening statement; (b) move to strike testimony about defendant's assertion of his rights; (c) object to hearsay and leading questions; (d) object to the prosecutor's closing argument; and (e) raise these issues in a posttrial motion.  We reverse and remand for a new trial.  The facts will be discussed only as necessary for this court's disposition.

None of the issues raised by defendant were properly preserved for review by contemporaneous objection and inclusion in defendant's posttrial motion.  
People v. Keene
, 169 Ill. 2d 1, 9-

10, 660 N.E.2d 901, 906 (1995).  The only issues raised in the posttrial motion were that (1) the evidence was insufficient to find defendant guilty beyond a reasonable doubt and (2) the trial court erred in allowing the prosecutor to ask leading questions of Jason Crawley, but those specific questions were not identified.  With regard to every issue, defendant argues on appeal that the error alleged should be considered as plain error.  134 Ill. 2d R. 615(a).  The plain error rule may be invoked to protect the defendant from serious injustices and to preserve the integrity and reputation of the judicial process under either of the following circumstances:  (1) the evidence is closely balanced, and the error should be considered to preclude argument that an innocent person may have been wrongly convicted; or (2) the errors are of such a magnitude that there exists a substantial risk the accused was denied a fair and impartial trial.  
People v. Vargas
, 174 Ill. 2d 355, 363, 673 N.E.2d 1037, 1041 (1996).  Defendant also contends that all of these issues should be considered a basis for ineffec­

tive assistance of counsel.

"The 
Strickland v. Washington
 (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, two-part test of effective assistance of counsel was adopted by this court in 
People v. Albanese
 (1984), 104 Ill. 2d 504.  Under the test, a defendant must establish that coun

sel's representation fell below an objec­tive standard of reasonableness and that there is a reasonable probability that, were it not for counsel's unprofessional errors, the result of the proceeding would have been different.  (
Albanese
, 104 Ill. 2d at 525.)  A reasonable probability is a probability suffi­cient to undermine confidence in the outcome.  (
Albane se
, 104 Ill. 2d at 525.)  The deficien­cy in counsel's performance must be prejudi­cial to the defense in order to consti­tute ineffective assistance.  See 
Barnard
, 104 Ill. 2d at 233.

*** [D]eter­mining the prejudice compo­nent entails more than applying an outcome-determi­

native test.  The defendant must show that counsel's perfor­mance rendered the result of the trial unreli­able or the proceeding funda­

mentally unfair.  (
People v. Mahaffey
 (1995), 165 Ill. 2d 445, 458.)  Resolution of such claims, based only on the prejudice component, in­volves looking at the findings unaffected by error, account­ing for the effect of error on remaining findings and answering, in the end, whether the decision would '"reasonably like­

ly"' have been different.  
Erickson
, 161 Ill. 2d at 90, quoting 
Strickland
, 466 U.S. at 695-

96, 80 L. Ed. 2d at 698-99, 104 S. Ct. at 2068-69."  
People v. Whitehead
, 169 Ill. 2d 355, 380-81, 662 N.E.2d 1304, 1316 (1996).

However, a claim of incompetency arising from a matter of defense strategy will not support a claim of ineffective assistance of counsel.  
People v. Madej
, 106 Ill. 2d 201, 214, 478 N.E.2d 392, 397 (1985).

Defendant points out that the failure of defense trial counsel to object to improper evidence or prejudicial argument of the prosecutor may result in a finding of ineffective assistance of counsel.  
People v. Royse
, 99 Ill. 2d 163, 171-74, 457 N.E.2d 1217, 1221-22 (1983); see also 
People v. Rogers
, 172 Ill. App. 3d 471, 476-79, 526 N.E.2d 655, 659-61 (1988); 
People v. Sanchez
, 240 Ill. App. 3d 533, 535, 608 N.E.2d 477, 478-79 (1992).  The impact of the alleged error depends on the facts of the particular case.

At the trial conducted on February 26, 1997, the prosecutor, as part of his opening statement, informed the jury:  

"Now, we will also present some other evidence in this case besides Mr. Crawley's testimony.  There will be testimony of Jerry Houghland, and some police officers as well.  Some of this other evidence, first of all, Mr. Stolte and Mr. Houghland, will be that they did take Mr. Crawley and the defendant to that area and drop them off shortly before the robbery was committed.  We will also present to you evidence of two confessions to the crime that defendant made.  First of all, the next day when he saw Jerry Houghland, he bragged to Jerry Houghland that he and Jason had committed the armed robbery.  And second, when the defendant was picked up a couple of days later.  He was taken down to headquarters and after he got to headquarters he was inter­

viewed by two detectives of the Sheriff's Department.  They told him what was going on.  First of all, the defendant expressed his disbelief that he would be arrested based on the word of a sixteen year old.  They con­

fronted the defendant with some of the evi­

dence against him and he made a statement, that, well, he knew Jason was going to commit the robbery but he couldn't believe he did it.  Then he told the officers that he wasn't there and he had nothing to do with it.  When the defendant was told that, nonetheless, due to the evidence, that he was going to be held, the defendant blurted out 'I wasn't in the building, so I'm not guilty.'  After that, they said 'Well, you just told us you weren't there; now you're telling us you were there.'  Then the defendant began to backtrack and said 'Well, what I meant to say was, if I had been there, I wouldn't have been in the building.'"

Stolte and Houghland were not called as witnesses by the State.

It is impermissible for a prosecutor to comment during opening statement upon what testimony will be introduced at trial and then fail to produce that testimony since such an argument is, in effect, an assertion of the prosecutor's own unsworn testimony in lieu of competent evidence.  
People v. Rogers
, 42 Ill. App. 3d 499, 502-03, 356 N.E.2d 413, 416 (1976).  An improper remark during opening statement will be grounds for reversal if it substan­tially prejudiced defendant.  
People v. Flax
, 255 Ill. App. 3d 103, 108-

09, 627 N.E.2d 359, 364 (1993).  In this case, the jury was instructed:

"Opening statements are made by the attorneys to acquaint you with the facts they expect to prove.  Closing arguments are made by the attorneys to discuss the facts and circumstances in the case and should be con­fined to the evidence and to reasonable infer­

ences to be drawn from the evidence.  Neither opening statements nor closing arguments are evidence, and any statement or argument made by the attorneys which is not based on the evidence should be disregarded."  Illinois Pattern Jury Instructions, Criminal, No. 1.03 (3d ed. 1992).

The giving of this instruction alone is not always curative, but it is a factor to be considered in determining the prejudice to defendant.  
Flax
, 255 Ill. App. 3d at 109, 627 N.E.2d at 364.

There are two categories of statements in the prosecu

tor's opening remarks that defendant now asserts as error:  (1) the defendant's statements to the police were confessions and (2) that Stolte and Houghland would testify.  The State concedes that, technically, the statement of defendant may have been an admission and did not constitute a confession.  See 
People v. Stanton
, 16 Ill. 2d 459, 466, 158 N.E.2d 47, 51 (1959) (a confes­sion is a voluntary acknowledgment of guilt after perpetra­tion of the offense, and an admission is any statement or conduct from which guilt may be inferred, but from which guilt does not necessarily follow).  However, a lay fact finder unfamiliar with this fine distinction could interpret as a "confession" a prosecutor's reference to an "admission." 
 
People v. Tenny
, 224 Ill. App. 3d 53, 59-60, 586 N.E.2d 403, 408 (1991).  Here, although the prosecutor techni­cal­ly misapplied the term "confes­sion," he did fully disclose to the jury the nature of the statements to which he was referring.  No prejudice resulted to defendant from the reference to defen

dant's statements to the police.  There was no plain error or ineffec­tive assistance of counsel in failing to object to this portion of the opening statement or include it in the posttrial motion.

With respect to the reference to Stolte and Houghland, the opening statement alerted the jury to the possibil­ity that they would corroborate the testimony of Crawley and that Houghland would testify to defendant bragging about committing the robbery with Crawley.  Houghland and Stolte were both listed as witnesses on the State's answers to pretrial discovery.  They were both served with subpoenas to appear at defendant's trial.  The record does not disclose whether they were present at the courthouse during the trial.

The State contends that "presum­ably" they were not called as witnesses because the prosecutor did not want to invite error by having them invoke the fifth amendment (U.S. Const., amend. V).  See 
People v. Izquierdo
, 262 Ill. App. 3d 558, 563, 634 N.E.2d 1266, 1270 (1994) (it is reversible error for a prosecutor to force a witness to assert his fifth amendment privilege (1) by making an obvious attempt to build the case out of inferences arising from the privilege or (2) if the witnesses' refusal to testify adds critical weight to the State's case).  However, the record does not support this inference.  

Sixteen-year-old Jason Crawley testified defendant and Houghland supplied him with the pistol, gloves, a mask, and a bag.  David Stolte, Houghland's stepfa­ther, gave defendant, Houghland, and Crawley a ride to Mt. Zion; Stolte knew they were leaving for the purpose of committing a robbery; Stolte drove behind P&G Quick Stop, at Route 36 and Baltimore Road in Macon County, and let Crawley and defendant out.  Crawley testified he committed the robbery while defendant waited outside and that, after robbing the store, they split up the money and evaded capture.  On cross-

examination, Crawley admitted he original­ly told the police that Houghland and Stolte did not know of the intention to commit the robbery.  At the time he pleaded guilty, he said Houghland knew, but Stolte did not know.  Crawley did not know whether Houghland and Stolte had been arrested for the crime.  

It is clear the prosecutor would have been aware that defendant claimed Houghland was involved in this offense prior to making the opening statement in this case.  This was a one-day trial and the subpoenas were served on Houghland and Stolte only two days before.  It was error for the prosecutor, during opening state­ment, to inform the jury of "facts" about which no evidence was presented.  
People v. Whitlow
, 89 Ill. 2d 322, 337-41, 433 N.E.2d 629, 636-38 (1982).  

The next issue is whether defendant was denied a fair trial when testimony was presented that he refused to continue with the police in­terrogation and requested counsel.  Detective Ed Culp of the Macon County sheriff's department testified that, after a short time, defendant terminat­ed the interview by refusing to continue and requesting counsel.  This testimony was in response to a question on cross-examina­tion about how long the interview of defendant lasted.  Although the prosecu­tor never referred to this as evidence from which an inference of guilt could be made, defendant now argues it was plain error for the State to present evidence the defendant exercised his right to remain silent and that defense counsel was ineffective for failing "to object."

It is plain error for the State to impermissibly use defendant's postarrest silence, even to impeach an explanation subse­quently offered at trial.  
People v. Green
, 74 Ill. 2d 444, 449-50, 386 N.E.2d 272, 274-75 (1979).  This is a violation of defendant's constitutional rights to due process and to be free from making self-incriminating statements (
Green
, 74 Ill. 2d at 449-50, 386 N.E.2d at 274-75), and such evidence is neither material nor relevant to the issues being tried and should be excluded for that reason as well (
People v Rothe
, 358 Ill. 52, 57, 192 N.E. 777, 779 (1934); 
People v. Nolan
, 152 Ill. App. 3d 260, 267-68, 504 N.E.2d 205, 210 (1987)).  

In 
People v. Lewis
, 269 Ill. App. 3d 523, 526-27, 646 N.E.2d 305, 307-08 (1995), a detective, during the State's direct examination, stated that the victim agreed to take a polygraph examination.  Defendant's objection was sustained, the response was stricken, and the jury was instructed to disregard it.  This court, nevertheless, held that the gratu­itous, volunteered testimony of an experi­enced police officer flagged to the jury's attention the fact the key witness agreed to take a polygraph examination and that reference denied defendant a fair trial.  

In this case, a similar result pertains even though the testimony was brought out during defendant's cross-examination of the officer.  The question asked by defense counsel in this case sought only an answer related to the length of time the interview lasted.  Although defense counsel may have decided not to make a motion to strike and to ask the jury to be instructed to disregard the testimony so as not to call undue attention to the statement by Culp, that does not explain the absence of a motion for mistrial outside the jury's presence or the failure to include the issue in the posttrial motion.  It was ineffective assistance of counsel not to raise this issue in some fashion.  Although these errors may not have required reversal individually, the cumulative impact entitles defendant to a new trial.  See 
People v. Weller
, 123 Ill. App. 2d 421, 427-29, 258 N.E.2d 809-10, 810 (1970).

The only other issue we elect to address is that concerning the propriety of the leading questions asked of Culp as a rebuttal witness after defendant's sister, Crystal Bunning, denied that she told the arresting officers, "You can't do anything.  Forrest was with me and Jason at 9 p.m. that night at Eagles on Route 36."  She testified she met him there alone and she picked him up between 8 and 9 p.m. and they came straight home.

Culp testified that the police officers went to arrest defendant at 2366 East Williams Street on July 18, 1996, at approximately 2 or 3 p.m.  Crystal Bunning and Jason Wilder were also present at that location when defendant was arrested.  Culp was asked whether Crystal said, "You can't do anything.  Forrest was with me and Jason at 9 p.m. that night at Eagles on Route 36."  Culp answered, "Yes."

It is generally improper to ask a leading question of your own witness.  M. Graham, Cleary & Graham's Handbook of Illinois Evidence §6l1.9, at 451 (6th ed. 1994).  To be incompe­

tent, a leading question must relate to material matters and occur when there is no apparent necessity for it.  
People v. Schladweiler
, 315 Ill. 553, 556, 146 N.E. 525, 527 (1925).  Questions that may be answered "yes" or "no" are generally considered leading.  M. Graham, Cleary & Graham's Handbook of Illinois Evidence §611.9, at 451 (6th ed. 1994).  When formulating questions to witnesses to impeach the testimony of another witness, the question should be phrased in such a way as to avoid the possibility of bringing incompetent matters into the trial.  A departure from the rule against leading questions is required to avoid any improper reference in the answer.  M. Graham, R. Steigmann, W. Brandt, & E. Imwinkelried, Illinois Evidentiary Founda­tions 139 (2d ed. 1997); M. Graham, Cleary & Graham's Handbook of Illinois Evidence §613.3, at 516 (6th ed. 1994).

Impeachment of a witness may occur procedurally in a party's case in chief or in the form of rebuttal.  Here the impeachment was in the context of a rebuttal witness for the purpose of proving another witness made a prior statement contrary to the statement testified to.  It was proper to ask Culp whether the statement of Crystal Bunning was made to Culp and the answer to be made, yes or no.  Where the witness is presented in this context, it is proper to refer to the specific statement in asking for a yes or no answer.  
Elgin, Joliet & Eastern Ry. Co. v. Lawlor
, 229 Ill. 621, 628, 82 N.E. 407, 408 (1907).

Here, because Crystal had just testified she did not make a specific statement, the prosecutor merely called Culp's attention to that statement in asking whether she said that.  The leading nature of the question was not error, and no ineffective assistance of counsel in failing to object on this point has been demonstrat­

ed.

Although the defendant did not challenge whether there was sufficient evidence to prove him guilty beyond a reasonable doubt, we have reviewed the evidence for that purpose to determine whether remand for a new trial would violate due process.  There was sufficient evidence to support a finding of guilty beyond a reasonable doubt, and remand for a new trial is appropriate.

The judgment of the circuit court of Macon County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.