THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEREK L. EDWARDS, Defendant-Appellant.

Fourth District No. 4—98—0839

Opinion filed December 20, 1999.

STEIGMANN, J., specially concurring.

Daniel D. Yuhas and Joseph W. Vigneri, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a trial in the circuit court of Macon County, the jury found defendant Derek L. Edwards guilty of home invasion. 720 ILCS 5/12—11(a)(2) (West 1996). The trial court sentenced him to six years' imprisonment. The issues on appeal are whether (1) the prosecutor's disclosure of and argument concerning Armar Washington's guilty plea and testimony at sentencing in connection with the same offense on which defendant was being tried amounted to plain error; (2) the prosecutor's reading from the transcript of Washington's testimony from his sentencing following his guilty plea constituted plain error; (3) the prosecutor's questioning of City of Decatur police officer Jack

Baskett as to whether defendant made any statements after being arrested violated defendant's rights to a fair trial and to remain silent and was plain error; (4) defendant's right to confront and cross-examine witnesses was violated when the prosecutor introduced evidence that the nontestifying victim of the home invasion viewed defendant and his two alleged accomplices at an on-the-scene showup and amounted to plain error; (5) defense trial counsel's failure to raise and preserve the first four issues amounted to ineffective assistance of counsel; (6) the cumulative effect of these errors denied defendant a fair trial even if they would not individually require reversal; and (7) defendant was proved guilty beyond a reasonable doubt. We affirm. Only those facts necessary to an understanding of this court's disposition will be discussed.

We initially address defendant's specific contentions of error. These alleged errors were not preserved in the proceedings below, and defendant argues that this court should consider them as plain error or that the failure to preserve those issues was the result of a violation of his constitutional right to the effective assistance of counsel (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8). The State counters by arguing that no error occurred or, in the alternative, any error that may have occurred was harmless.

■■ The plain error rule (134 Ill. 2d R. 615(a)) may be invoked to protect the defendant from serious injustices and to preserve the integrity and reputation of the judicial process under either of the following circumstances: (1) the evidence is closely balanced and the issues should be considered to preclude argument that an innocent person may have been wrongly convicted, or (2) the errors are of such a magnitude that a substantial risk exists that the accused was denied a fair and impartial trial. *People v. Vargas*, 174 Ill. 2d 355, 363, 673 N.E.2d 1037, 1041 (1996). To establish ineffective assistance of counsel, defendant must satisfy the test announced in *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), adopted in *People v. Albanese*, 104 Ill. 2d 504, 525-27, 473 N.E.2d 1246, 1255-56 (1984). We deem it necessary to address the issues to determine whether plain error occurred.

■ Section 115—10.1 of the Code of Criminal Procedure of 1963 (Code) allows for the use of prior inconsistent statements made by a witness as substantive evidence when the prior statement was made under oath at a trial, hearing, or other proceeding and the declarant is subject to cross-examination concerning the statement in the current proceeding. 725 ILCS 5/115—10.1(a), (b), (c)(1) (West 1996); *People v. Bennett*, 222 Ill. App. 3d 188, 201-02, 582 N.E.2d 1370, 1380 (1991); see also *People v. Sims*, 285 Ill. App. 3d 598, 610, 673 N.E.2d 1119,

1127 (1996) (witness' grand jury testimony was admissible as substantive evidence); *People v. Young*, 170 Ill. App. 3d 969, 977-78, 524 N.E.2d 982, 987 (1988) (section 115—10.1 is constitutional and allows for substantive use of a prior inconsistent statement under specified circumstances).

In the case at bar, the State called Washington to testify in defendant's trial. Washington had pleaded guilty to the home invasion for which defendant was being tried. At defendant's trial, Washington testified that he did not remember the events on the date of the home invasion. He admitted, however, that on May 15, 1998, he entered a guilty plea. Washington acknowledged that at the sentencing following the guilty plea proceeding he stated, under oath, that his uncle Tobias Jarrett, defendant, and he went to the house of Michael McGee to steal drugs. Washington further acknowledged stating under oath at his sentencing that he and defendant were armed, he had a 9 millimeter weapon, defendant had a ".357," and they went late at night. He did not remember testifying at his sentencing that defendant knocked on the door and entered when it was opened, he (Washington) demanded drugs, McGee grabbed one of the guns and he (Washington) hit McGee in the head; at that time, defendant and Jarrett were standing behind him (Washington), McGee fell, and Washington ran out of the house; while being pursued by the police, he threw the gun into a Dumpster; he and defendant changed clothes when they reached 279 West Prairie, and the police came and arrested them. Washington remembered being injured when he hit McGee, but did not remember what he said at his sentencing about 10 days later. He remembered pleading guilty, but did not remember being asked those questions and giving those answers. Washington testified he did not remember the events because he was intoxicated on drugs on the day of the home invasion.

The defendant objected to the form of the questioning, being "were you asked and did you swear to." The objection was overruled because it was "impeachment." No limiting instruction was tendered by defense counsel or given by the trial court. The transcript of the sentencing proceeding was not admitted into evidence, nor was any other document indicating precisely what Washington said at the guilty plea proceeding. The court reporter was not called to testify. The State's motion to admit the transcript into evidence was met with defendant's objection on the grounds that (1) the transcript was not proved or stipulated to be accurate and (2) defendant was not given the opportunity to cross-examine the witness at the time he gave the prior statements under oath. That objection was sustained. In addition, defendant's counsel asked that Washington's testimony be

stricken. That motion was denied. The trial court reasoned that defendant did not offer any objection to Washington's testimony after the original impeachment on the ground that the questioning was improper because it went beyond impeachment, and the objection was not timely.

■ Generally, the admissibility of evidence at trial is a matter within the sound discretion of the trial court, and the trial court's decision will not be overturned on appeal absent an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 364, 583 N.E.2d 515, 519 (1991). However, this court independently reviews constitutional issues. *Lilly v. Virginia*, 527 U.S. 116, 136, 144 L. Ed. 2d 117, 134, 119 S. Ct. 1887, 1900 (1999).

■ The veracity of a hearsay statement is sufficiently dependable to allow an "untested admission of such statements against an accused" if the evidence falls into a firmly rooted hearsay exception or sufficient particularized guarantees of trustworthiness exist so that further adversarial testing would add little, if anything, to the statement's reliability. *Lilly*, 527 U.S. at 124, 144 L. Ed. 2d at 127, 119 S. Ct. at 1894. Where evidence is offered by the prosecution to establish the guilt of an alleged accomplice of the declarant, accomplice "confessions" that inculpate a criminal defendant do not fall within a firmly rooted hearsay exception. *Lilly*, 527 U.S. at 130-34, 144 L. Ed. 2d at 130-33, 119 S. Ct. at 1897-99. The presumption of unreliability that attaches to a codefendant's confession may be rebutted, but that is unlikely where the government is involved in the statement's production, the statement describes past events, and it has not been subjected to adversarial testing. The notion that corroborating testimony supports a finding of particularized guarantees of trustworthiness has been rejected. *Lilly*, 527 U.S. at 137, 144 L. Ed. 2d at 134-35, 119 S. Ct. at 1900.

■ *Lilly* involved the admissibility of a nontestifying codefendant's statement to police made while in custody. In contrast, the case at bar involves an accomplice's sworn testimony in open court at the time of or after pleading guilty where the accomplice is available to be cross-examined concerning that testimony at the defendant's trial. Section 115—10.1 of the Code is a legislative determination that a statement made under circumstances set out in the statute provide sufficient particularized guarantees of trustworthiness. A prior statement of a witness may constitutionally be admitted as substantive evidence if it is inconsistent with the witness' testimony and the witness is given an opportunity at trial to explain or deny the prior statement, such as when the defendant is given an opportunity to cross-examine the witness. *Young*, 170 Ill. App. 3d at 978-79, 524 N.E.2d at 987-88, citing

*California v. Green*, 399 U.S. 149, 158, 26 L. Ed. 2d 489, 497, 90 S. Ct. 1930, 1935 (1970) (upholding a California statute). In the case at bar, the evidence of Washington's testimony at the time of his sentencing was admissible as substantive evidence. No error, plain or otherwise, occurred and defendant's counsel was not ineffective for failing to raise or preserve the issue for appeal.

 Defendant contends that the manner in which the State brought out the evidence was not appropriate, particularly because the State failed to demonstrate that Washington's testimony was damaging to its case. A prior inconsistent statement may be used for impeachment even if it does not meet the standard set forth in section 115—10.1 of the Code. 725 ILCS 5/115—10.1 (West 1996) (last paragraph). A party may impeach its own witness with a prior inconsistent statement if the witness' testimony has damaged, rather than failed to support, the position of the impeaching party. *Sims*, 285 Ill. App. 3d at 610, 673 N.E.2d at 1127. The requirement that the witness' testimony must damage, rather than fail to support, the position of the impeaching party recognizes the danger that the statement may be improperly introduced under the guise of impeachment. Such a statement may not be used substantively. *People v. Cruz*, 162 Ill. 2d 314, 358-59, 643 N.E.2d 636, 657-58 (1994). Having already determined that the prior testimony was admissible as substantive evidence, we need not address this argument even though the trial court was under the impression that it was admitted solely for impeachment. For this reason, the failure of defense trial counsel to preserve the issue, object to the form of the impeachment and the prosecutor's argument, and offer a limiting instruction did not amount to ineffective assistance of counsel.

Neither of the cases primarily relied on by defendant analyze the facts in those cases in light of section 115—10.1 of the Code, and both predate it. In *People v. Sullivan*, 72 Ill. 2d 36, 42, 377 N.E.2d 17, 20 (1978), the court applied the general rule that a codefendant's or accomplice's confession or admission is inadmissible as evidence of another defendant's guilt. In *Sullivan*, at the time of defendant's trial, one of the two accomplices refused to testify and the other refused to testify as to the details of the events or to discuss who else was involved. The prosecutor argued to the jury that defendant was as guilty as the two who had already pleaded guilty and attributed their reluctance to testify to a "code of honor." Here, the prosecutor did not argue the defendant was guilty because Washington pleaded guilty. Moreover, Washington did not refuse to testify. We need not decide whether the analysis in *Sullivan* would be different in light of the subsequent enactment of section 115—10.2 of the Code (725 ILCS

5/115—10.2 (West 1996)). In *Sullivan*, the prior testimony of the accomplices was not admitted into evidence. The *Sullivan* opinion observed that, while the fact that a codefendant or accomplice has pleaded guilty or has been convicted of the same offense was not admissible as evidence of defendant's guilt, that fact may nevertheless be disclosed to the jury as impeachment. *Sullivan*, 72 Ill. 2d at 42, 377 N.E.2d at 20. Here, the State was allowed to impeach its own witness, Washington, with the fact that he had pleaded guilty after he testified herein that he did not recall the events surrounding the home invasion. However, it is his sworn statements made during the sentencing proceeding that were admitted substantively and which are at issue in this appeal.

In *People v. Ferguson*, 11 Ill. App. 3d 914, 915, 297 N.E.2d 658, 659-60 (1973), the State called a witness who had testified at a prior trial at which a codefendant was convicted, had him declared a court witness when he denied knowing the defendant or victim contrary to his prior testimony, and read before the jury the entire transcript of the witness' testimony at the codefendant's trial. In addition, the trial court in *Ferguson* (1) refused to give an instruction that would limit the jury's consideration of the material contained in the transcript and (2) allowed the prosecutor to argue the information contained in the transcript. In *Ferguson*, the court found the transcript was not competent as evidence, would not be admissible except as impeachment, was highly prejudicial to the accused, and should not have been admitted into evidence. In light of the subsequent enactment of section 115—10.1 of the Code, we decline to follow *Ferguson*.

The next issue concerns the testimony of the arresting police officer. After Decatur police officer Jack Baskett testified defendant, Washington, and Jarrett were taken into custody, the State asked Baskett without objection by the defense whether defendant made any statements to him. Also without objection by the defense, Baskett replied, "None that I can remember." Defendant argues that this violated his right to remain silent and denied him a fair trial. This questioning occurred during the State's case in chief. The prosecutor made no further reference to the matter and did not comment on it during closing argument.

■ It violates a defendant's constitutional right to due process and to be free from making self-incriminating statements for the State to use defendant's postarrest silence to create an inference of guilt or to impeach a defendant's trial testimony. *People v. Bunning*, 298 Ill. App. 3d 725, 731, 700 N.E.2d 716, 721 (1998); *People v. Simmons*, 293 Ill. App. 3d 806, 811, 689 N.E.2d 418, 422 (1998). The State argues that, here, the question related to pre-*Miranda* warning (*Miranda v. Ari-*

*zona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)) silence and was, therefore, not error. In *People v. Strong*, 215 Ill. App. 3d 484, 488, 574 N.E.2d 1271, 1273 (1991), this court stated:

> "While the decision in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, which held that the State cannot impeach a defendant by his post-arrest silence, involved silence after a *Miranda* warning, our courts have consistently applied the ruling to post-arrest silence without reference to the *Miranda* warning."

In *Bunning*, the court stated such an individual error may not require reversal. *Bunning*, 298 Ill. App. 3d at 732, 700 N.E.2d at 721; see also *People v. Patterson*, 154 Ill. 2d 414, 466-68, 610 N.E.2d 16, 40 (1992) (*Doyle* violation can be harmless); *People v. Lucas*, 132 Ill. 2d 399, 432-33, 548 N.E.2d 1003, 1016-17 (1989) (*Doyle* violation was harmless under the facts of that case). Here, in light of the subsequent discussion of the evidence presented in this case, we find any error regarding this isolated question of and answer by Baskett to be harmless beyond a reasonable doubt. See *People v. Swaggirt*, 282 Ill. App. 3d 692, 705, 668 N.E.2d 634, 643 (1996) (for a constitutional error to be harmless, it must be harmless beyond a reasonable doubt). For this reason, the prejudice prong of the ineffective assistance of counsel analysis has not been met.

Defendant argues that the State improperly introduced testimony that McGee viewed defendant in a lineup shortly after his apprehension. Defendant contends that, since McGee did not testify, his right to confront witnesses against him was violated because the testimony suggested that McGee identified defendant as a perpetrator. As already noted, McGee was the person whose residence was invaded in this case. Decatur police officer Todd Cline testified that, at the time the three suspects were apprehended, he was with McGee. They were seated in the squad car while defendant, Washington, and Jarrett were presented in a lineup on West Prairie. The trial court sustained defendant's objections to the questions about why this was being done, whether McGee made any positive identification, and whether the suspects were yet arrested. Defense trial counsel asked that the entire line of questioning be stricken, to which the trial court responded, "Sustained." Prior to deliberations, the jury was instructed:

> "From time to time it has been the duty of the court to rule on the admissibility of evidence. You should not concern yourselves with the reasons for these rulings. You should disregard questions and exhibits which were withdrawn or to which objections were sustained." Illinois Pattern Jury Instructions, Criminal, No. 1.01 (3d ed. 1992).

The sustaining of defendant's objections and the giving of the

instruction to the jury cured any arguable errors. *People v. Ross*, 303 Ill. App. 3d 966, 983, 709 N.E.2d 621, 634 (1999) (generally, the prompt sustaining of an objection is sufficient to cure any error in a question or answer). No ineffective assistance of counsel in this regard has been demonstrated. Because this court found only one error and we deemed it harmless, we need not address defendant's cumulative impact argument.

We next consider whether defendant was proved guilty beyond a reasonable doubt.

> "When considering a challenge to a criminal conviction based upon the sufficiency of the evidence, this court will not retry the defendant. *People v. Wittenmyer*, 151 Ill. 2d 175, 191 (1992). Rather, in such cases the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Smith*, 185 Ill. 2d 532, 541, 708 N.E.2d 365, 369 (1999).

The testimony concerning this evidence was that of Frank Waite; Keylan Lippert; Sheranda Lippert; Washington; Officers Eric Waggoner, Baskett, Jeff McClain, Steven Woolery, and Cline; forensic scientist Eric Mayland; as well as defendant. The parties are aware of this testimony and evidence, hence it will not be set forth.

A person commits home invasion by (1) knowingly entering the dwelling place of another with knowledge that one or more persons are present, and (2) while armed with a dangerous weapon, uses force or the threat of imminent force upon any person in the dwelling place or causes injury to such a person. *People v. Lombardi*, 184 Ill. 2d 462, 472, 705 N.E.2d 91, 97 (1998); 720 ILCS 5/12—11(a) (West 1996). In this case, defendant was found guilty of intentionally causing injury to a person in the dwelling place. 720 ILCS 5/12—11(a)(2) (West 1996). Defendant's challenge to the sufficiency of the evidence centers around the proof that he was one of the perpetrators who invaded McGee's home and injured him. Viewing the evidence in the light most favorable to the prosecution, the evidence was more than sufficient to establish defendant's guilt beyond a reasonable doubt.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

KNECHT, J., concurs.

JUSTICE STEIGMANN, specially concurring:

Although I fully agree with the majority opinion, I write specially

because the handling of this case reveals that even experienced trial courts face serious uncertainties when applying section 115—10.1 of the Code. This special concurrence will attempt to provide some clarification of that statute.

When the State called Washington to testify in defendant's trial, he claimed not to recall who was with him when he committed the same home invasion for which defendant was then on trial. (Washington had pleaded guilty and the trial court sentenced him a few months earlier for that home invasion.) The State then repeatedly asked Washington whether he was asked certain questions at his sentencing hearing and gave certain answers under oath in response. The trial court overruled defendant's objections to these questions, and Washington answered that he could not remember. When the State later attempted to present the extrinsic evidence of Washington's prior inconsistent statements—namely, the transcript of his testimony from his sentencing hearing—defendant objected, in part, on the ground that he had not been given the opportunity to cross-examine Washington when he made the prior statements at the sentencing hearing. The trial court sustained defendant's objection, although it is not clear from the record whether its ruling was on that particular ground.

On appeal, defendant argues that section 115—10.1 of the Code:

"does not cover the situation present in this case. First, the statute pertains to 'evidence of a statement made by a witness,' not to the prosecutor's reading from the transcript of the witness' former testimony. Second, the statute only applies when the witness at a trial, hearing[,] or other proceeding has acknowledged under oath the making of the statement. 725 ILCS 5/115—10.1(B) [(West 1996)]. That is not this [sic] case here."

Defendant's arguments both to the trial court and to this court are totally without merit.

Laying the foundation for the admission of a prior inconsistent statement as substantive evidence under section 115—10.1 of the Code is essentially the same as laying the foundation to impeach a witness with his prior inconsistent statement. In *People v. Hallbeck*, 227 Ill. App. 3d 59, 62-63, 590 N.E.2d 971, 972-73 (1992), the second district addressed the foundational requirements of section 115—10.1 and wrote the following:

"A proper foundation must be laid before prior inconsistent statements are allowed into evidence. Part of the necessary foundation is asking the witness whether he made the inconsistent statement. [Citations.] Generally, the questioner must direct the attention of the witness to the time, place, and circumstances of the statement

and its substance. [Citation.] The witness must have an opportunity to explain the inconsistency before the introduction of extrinsic evidence of the statement; this requirement prevents unfair surprise and gives the witness an opportunity to explain any inconsistency."

Further, a witness' prior testimony does not need to directly contradict testimony given at trial to be considered "inconsistent," as section 115—10.1 of the Code uses that term. In *People v. Flores*, 128 Ill. 2d 66, 87, 538 N.E.2d 481, 488 (1989), quoting *United States v. Williams*, 737 F.2d 594, 608 (7th Cir. 1984), the supreme court held that the term "inconsistent" in section 115—10.1 is not limited to direct contradictions but also includes " 'evasive answers, *** silence, or changes in position.' " Importantly, the *Flores* court also held that " 'where a witness now claims to be unable to recollect [the] matter [at issue], a former affirmation of it should be admitted as a contradiction' " under section 115—10.1 of the Code. *Flores*, 128 Ill. 2d at 87, 538 N.E.2d at 488. In addition, the supreme court has explained that section 115—10.1 does not require a minimum number of inconsistencies before a prior statement can be deemed "inconsistent" under that section. The court added that "[i]f the General Assembly had intended such a prerequisite, it could have provided for it in the statute." *People v. Salazar*, 126 Ill. 2d 424, 458, 535 N.E.2d 766, 780 (1988).

Thus, in the present case, the prosecutor was entirely correct in confronting Washington, when he testified as a State witness, with the prior inconsistent statements he made at his sentencing hearing after he claimed that he could not remember defendant's involvement in the home invasion at issue. To lay the foundation for extrinsic evidence of what Washington said at the sentencing hearing, the prosecutor first had to confront Washington with those portions of his prior testimony that were inconsistent with his testimony at trial. Defendant's objection at trial—that the State should not be permitted to do so because defendant was not given the opportunity to cross-examine Washington at the time he gave the prior statements—constituted legal nonsense, which the trial court should have summarily rejected.