# Illinois Official Reports

## Appellate Court

---

### *People v. Rice*, 2019 IL App (3d) 170134

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEREMIAH PAIGE RICE, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-17-0134 |
| Filed | April 16, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Bureau County, No. 16-CF-77; the Hon. Cornelius J. Hollerich, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Charles Schierer and Zachary Lessard, of Schierer & Ritchie, LLC, of East Peoria, for appellant.<br><br>Geno J. Caffarini, State's Attorney, of Princeton (Patrick Delfino, David J. Robinson, and Adam Trejo, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices Carter and O'Brien concurred in the judgment and opinion. |

¶ 1    Following a traffic stop, defendant Jeremiah Paige Rice was charged with one count of unlawful possession of a controlled substance (720 ILCS 646/60(b)(4) (West 2016) (methamphetamine possession)). He filed a motion to quash arrest and suppress evidence, which the trial court denied. After a stipulated bench trial, the circuit court found defendant guilty and sentenced him to 11 years in prison. He appeals the denial of his motion to suppress, arguing that, under the recent amendment to the Cannabis Control Act (Act) (720 ILCS 550/4 (West 2016)), the odor of burnt cannabis alone is insufficient to expand the scope of a traffic stop into a drug investigation. We affirm.

¶ 2                                  BACKGROUND

¶ 3    On October 9, 2016, Sergeant Michael Kasprak of the Illinois State Police stopped defendant headed west on Interstate 80 for traveling 75 miles per hour in a 70-mile-per-hour zone. Defendant's car had valid plates and was registered as a rental vehicle out of New Mexico. Kasprak smelled a strong odor of burnt cannabis when he approached the passenger side window of defendant's vehicle. He did not observe any weapons or drugs in plain view inside the car. Based on the smell of cannabis, Kasprak believed that he had probable cause to search the vehicle for drugs.

¶ 4    After backup arrived, Kasprak asked defendant to exit the vehicle. He escorted him to the back of the vehicle and informed him that he was going to conduct a search of his person. In performing the search, Kasprak located a bulge in defendant's right pants pocket, which he believed to be contraband. He pulled out a plastic bag of a leafy substance that looked like cannabis. Defendant was placed under arrest, and a search of his vehicle revealed 1300 pills containing methamphetamine.

¶ 5    Defendant filed a motion to quash the arrest and suppress evidence. He argued that since possession of less than 10 grams of cannabis was no longer a criminal offense under section 4 of the Act, Kasprak did not have probable cause to search defendant's vehicle based on the smell of burnt cannabis alone.

¶ 6    At the suppression hearing, Kasprak testified that he had been employed with the Illinois State Police for 10 years. He received drug interdiction training, and it was part of his daily job to address drug-related activity in the area. Kasprak testified that he was aware of the 2016 change in Illinois law as it related to possession of cannabis. He noted that the law had changed for amounts of 10 grams or less and that the offense could be resolved by paying a fine.

¶ 7    On October 9, 2016, he observed defendant in a gray Chevrolet traveling west at a speed in excess of the posted speed limit. When he stopped defendant, he noticed the driver of the vehicle had rolled his window down and was showing his hands. Kasprak took the gesture to mean that defendant did not have any weapons. He approached the vehicle from the passenger side. He noticed defendant sitting in the driver's seat and detected a strong odor of burnt cannabis emitting from inside the vehicle. Kasprak did not observe any weapons, drugs, or drug paraphernalia at defendant's disposal.

¶ 8    Defendant provided his identification and rental agreement for the vehicle. Defendant was cooperative and handled himself in a calm and collected manner. Kasprak took defendant's documents and returned to his squad car. After running a background check, he reported that

defendant's driver's license was valid. He then decided to run defendant's criminal history. During the background search, Kasprak learned that defendant had prior arrests for possession of a controlled substance and other nondrug-related matters. Defendant's prior arrests did not cause Kasprak to fear for his safety.

¶ 9 Kasprak called for backup because he planned to execute a search of the vehicle. Kasprak testified that he believed probable cause was established the moment he smelled cannabis:

"Q. So when did you make the determination that you had probable cause to search the vehicle.

A. When I approached the vehicle and detected the odor of burnt cannabis."

Kasprak explained that based on his training and experience he was certain he smelled burnt cannabis and not raw cannabis.

¶ 10 After backup arrived, Kasprak asked defendant to step out of the vehicle. Defendant complied and walked with Kasprak to the back of the car. Kasprak then informed defendant that he was going to conduct a search of his person. Kasprak told him he was going to pat him down for weapons and for a probable-cause search based on the odor of cannabis. In performing the search, Kasprak recovered a small plastic bag containing what he believed to be cannabis. Kasprak placed defendant in handcuffs and put him in the squad car.

¶ 11 Officers searched defendant's vehicle and found two sealed envelopes containing $37,000 in U.S. currency. During a second search of the vehicle at the police station, investigators recovered a small shoe care kit. A plastic bag inside the shoe care kit contained 1300 multicolored pills that tested positive for methamphetamine.

¶ 12 The trial court viewed Kasprak's dashboard camera video. The court noted that defendant was cooperative and appeared calm. The stop lasted approximately 11 minutes from the moment Kasprak turned on his emergency lights to the time he ordered defendant out of the car. The court held that the delay was not unreasonable and that Kasprak had probable cause to believe that the defendant had violated the Illinois Vehicle Code by speeding. See 625 ILCS 5/11-601 (West 2016). The court then emphasized that the issue was whether "an officer [could] form probable cause to believe a crime has been committed in possessing cannabis based solely on the smell of burnt cannabis without some further evidence as to the weight of the cannabis" given the change in the law. The trial court concluded that Kasprak had probable cause to search defendant's vehicle and denied his motion to suppress, stating:

"[I]t appears to the court that it's still good law that smelling the odor of burnt cannabis gives the officer probable cause to search the vehicle, whether he finds five grams of cannabis or five tons of cannabis."

¶ 13 Following a stipulated bench trial, defendant renewed his argument in a motion to reconsider, which the trial court denied.

¶ 14 ANALYSIS

¶ 15 On appeal, defendant contends that the trial court erred in denying his motion to suppress. He argues that in light of the recent amendment to section 4 of the Act, the smell of burnt cannabis alone no longer provides a reasonable belief that a crime has occurred sufficient to support probable cause.

¶ 16 In reviewing a circuit court's decision on a motion to suppress evidence, we employ a two-part standard of review. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). We grant great

deference to the court's findings of fact and will disturb those findings only if they are against the manifest weight of the evidence. *Id.* However, we review the trial court's ultimate legal ruling on the suppression motion *de novo. Id.*

¶ 17     Because a traffic stop is more analogous to an investigative stop as defined in *Terry v. Ohio*, 392 U.S. 1 (1968), courts generally apply the *Terry* principles when faced with a challenge to the reasonableness of a traffic stop. *People v. Jones*, 215 Ill. 2d 261, 270 (2005). In this case, there is no question that Kasprak had probable cause to stop defendant's vehicle for speeding. See 625 ILCS 5/11-601 (West 2016). Without more, though, an officer lacks the authority to conduct a search of the vehicle or its occupants. *Jones*, 215 Ill. 2d at 271.

¶ 18     Under the automobile exception, police officers may search a vehicle without a warrant where probable cause exists to believe the vehicle contains evidence of criminal activity subject to seizure. *People v. James*, 163 Ill. 2d 302, 312 (1994). Probable cause means that there is a reasonable ground for belief of guilt and that the belief of guilt must be particularized with respect to the person to be searched or seized. *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). In determining whether probable cause exists, a law enforcement officer may rely on training and experience to draw inferences and make certain deductions. *Ornelas v. United States*, 517 U.S. 690, 700 (1996). Probable cause exists when the facts known to the arresting officer at the time are sufficient to lead a reasonable person to believe that the defendant is engaged in criminal activity. *Jones*, 215 Ill. 2d at 273-74.

¶ 19     It is well established that the distinctive odor of cannabis can be persuasive evidence of criminal activity. See *People v. Stout*, 106 Ill. 2d 77, 87 (1985). In *Stout*, our supreme court held that when an officer detects an odor of a controlled substance, the officer has probable cause to conduct a search of a vehicle if testimony has been elicited that the officer has training and experience in the detection of controlled substances. *Id.* Since then, Illinois courts have repeatedly recognized that the smell of burnt cannabis emanating from a vehicle will provide officers familiar with and trained in the detection of controlled substances with probable cause to search a vehicle. See *id.*; *People v. Weaver*, 2013 IL App (3d) 130054, ¶ 32. This principle has been extended to include searches of the driver and any passengers. *People v. Zayed*, 2016 IL App (3d) 140780, ¶ 22; *People v. Williams*, 2013 IL App (4th) 110857, ¶ 34; *People v. Strong*, 215 Ill. App. 3d 484, 489-90 (1991).

¶ 20     Respondent acknowledges the holding in *Stout*. Yet he maintains that the odor of cannabis can no longer serve as a ground for probable cause or reasonable suspicion of criminal activity in light of the recent amendment to the Act decriminalizing the possession of small amounts of cannabis. See Pub. Act 99-697, § 40 (eff. July 29, 2016) (decriminalizing the possession of not more than 10 grams of cannabis by categorizing it as a "civil law violation" punishable by a fine ranging from $100 to $200). In support of his argument, he cites *Commonwealth v. Cruz*, 945 N.E.2d 899, 908-10 (Mass. 2011).

¶ 21     In *Cruz*, the Massachusetts Supreme Judicial Court found that the mere odor of marijuana no longer provided law enforcement officers with reasonable suspicion of criminal activity following the passage of a referendum decriminalizing possession of one ounce or less of marijuana. *Id.* at 910. The court found that by voting in favor of the referendum, "the voters intended to treat offenders who possess one ounce or less of marijuana differently from perpetrators of drug crimes." *Id.* As a result, the court concluded that the odor of burnt cannabis alone could not provide reasonable suspicion of criminal activity. *Id.*; see also *Commonwealth v. Rodriguez*, 37 N.E.3d 611, 614 (Mass. 2015) (because possession of one ounce or less of

marijuana had been decriminalized by referendum, odor of burnt marijuana alone did not create probable cause to justify search).

¶ 22   Only New York has followed *Cruz*. See *People v. Brukner*, 25 N.Y.S.3d 559, 572 (City Ct. 2015) (concluding that "the mere odor of mari[j]uana emanating from a pedestrian, *without more*, does not create reasonable suspicion that a crime has occurred" following state legislature's decriminalization of possession of less than 25 grams of marijuana (emphasis in original)).

¶ 23   The majority of jurisdictions, however, have reached the opposite conclusion. Those courts have found that decriminalization is not synonymous with legalization and that the odor of cannabis remains indicative of criminal activity despite the passage of statutes decriminalizing the possession of small amounts of marijuana. See *In re O.S.*, 2018 IL App (1st) 171765, ¶ 28 (citing *Robinson v. State*, 152 A.3d 661, 681 (Md. 2017) (amendment to Maryland statute decriminalizing, but not legalizing, the possession of less than 10 grams of cannabis did not alter existing search and seizure law in that state)); *People v. Zuniga*, 2016 CO 52, ¶ 23 (odor of cannabis still relevant to probable cause determination and can support an inference of criminal activity even though possession of one ounce or less of cannabis was allowed under new Colorado law); *State v. Senna*, 2013 VT 67, ¶ 16, 194 Vt. 283, 79 A.3d 45 (passage of Vermont medical marijuana law did "not undermine the significance of the smell of marijuana as an indicator of criminal activity"); *State v. Sisco*, 373 P.3d 549, 553 (Ariz. 2016) (odor of cannabis provided officers with reasonable belief of probability of criminal activity even though Arizona legislature recently passed medical marijuana statute).

¶ 24   Although defendant contends that Illinois has decriminalized small quantities of cannabis, marijuana possession remains unlawful under the Act. Section 4, as amended, states that "[i]t is unlawful for any person knowingly to possess cannabis." 720 ILCS 550/4 (West 2016). As noted in *In re O.S.*, "decriminalization is not synonymous with legalization." *In re O.S.*, 2018 IL App (1st) 171765, ¶ 29. Under Illinois law, the knowing possession of cannabis is still a criminal offense and possession of more than 10 grams remains an unlawful act subject to criminal penalties. *Id.*

¶ 25   Here, the officers searched defendant's vehicle because Kasprak detected the odor of cannabis. As we have stated, the odor of cannabis as indicative of criminal activity remains viable notwithstanding the legislature's decriminalization of the possession of a small amount of marijuana. Once Kasprak identified the odor of burnt cannabis, probable cause for the search existed. Thus, the trial court properly concluded that the search was justified and denied defendant's motion to suppress.

¶ 26                                              CONCLUSION
¶ 27   The judgment of the circuit court of Bureau County is affirmed.

¶ 28   Affirmed.