2020 IL App (2d) 180162-U
No. 2-18-0162
Order filed March 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-647 |
| MAURICE WHEELER, | ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court did not err in denying defendant's motion to suppress evidence discovered after warrantless search, as the odor of burnt cannabis from defendant's vehicle gave the officer probable cause to search defendant and his vehicle, regardless of the recent enactment of legislation decriminalizing certain uses and possession of cannabis.

¶ 2    Defendant, Maurice Wheeler, appeals from his convictions of possession of cocaine with the intent to deliver within 1000 feet of a park (720 ILCS 570/407(b)(2) (West 2016)), possession of cocaine with the intent to deliver (720 ILCS 570/401(c)(2) (West 2016)), possession of cocaine (720 ILCS 720 ILCS 570/402(a)(2)(A) (West 2016)), and resisting a peace officer (720 ILCS 5/31-

1(a-7) (West 2016)). On appeal, he argues that the trial court erred in denying his motion to suppress the drugs that are the basis of his convictions. In denying the motion, the trial court ruled that the officer who recognized the odor of burnt cannabis coming from defendant's vehicle had probable cause to search defendant and his vehicle. Because the odor of burnt cannabis coming from defendant's vehicle provided probable cause to search both the vehicle and defendant, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Defendant was indicted on one count of possession of cocaine with the intent to deliver within 1000 feet of a park (720 ILCS 570/407(b)(2) (West 2016)) (Count I), one count of possession of cocaine with the intent to deliver (720 ILCS 570/401(c)(2) (West 2016)) (Count II), one count of possession of methamphetamine with the intent to deliver (720 ILCS 646/55(a)(1) (West 2016)) (Count III), one count of possession of methamphetamine (720 ILCS 646/60(a), (b)(1) (West 2016)) (Count IV), one count of possession of cocaine (720 ILCS 570/402(a)(2)(A) (West 2016)) (Count V), and one count of resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2016)) (Count VI). Following a bench trial, the trial court found defendant guilty of Counts I, II, V, and VI. The court merged Counts II and V into Count I and sentenced defendant concurrently to nine years' imprisonment on Count I and three years' imprisonment on Count VI.

¶ 5     Before trial, defendant filed a motion to suppress evidence found both on his person and in his vehicle. The evidence at the hearing on the motion to suppress established that, at approximately 11 p.m. on March 31, 2017, Officer Matthew Vartanian of the Elgin Police Department observed a vehicle with four occupants parked on the street. Defendant was the driver.

When Officer Vartanian approached the partially open driver's side window,[1] he smelled burnt cannabis coming from the vehicle's interior. Based on the smell of cannabis, Officer Vartanian searched the vehicle and found two digital scales. A search of defendant revealed methamphetamine, cocaine, and cannabis.

¶ 6    Defendant, relying on cases from Massachusetts, argued that, when he was arrested, it was not a crime in Illinois to possess small amounts of cannabis, and therefore the odor of burnt cannabis alone did not provide probable cause to search him or his vehicle. The trial court rejected that argument and denied the motion to suppress. Following trial, defendant filed a timely notice of appeal.

¶ 7                                    II. ANALYSIS

¶ 8    Over the past few years, Illinois decriminalized the possession and use of small amounts of cannabis (see 720 ILCS 550/4(a) (West 2016)), decriminalized the possession and use of cannabis for medical purposes (see 410 ILCS 130/25(a) (West 2016)), and very recently otherwise decriminalized the possession and use of cannabis (see Pub. Act 101-0027 (eff. June 25, 2019) (adding 410 ILCS 705/1-1 *et seq.*). Defendant argues on appeal that, in the context of the prohibition against unreasonable searches and seizures, the consequence of this decriminalization is that the smell of cannabis no longer provides probable cause of criminal activity. Contrary to defendant's assertion, the piecemeal legislation has not decriminalized the possession and use of cannabis everywhere all of the time.

---

[1] The trial court ruled that there was a consensual encounter between Officer Vartanian and defendant. Defendant does not challenge that ruling on appeal.

¶ 9    Suppression rulings present mixed questions of law and fact.  *People v. Pitman*, 211 Ill. 2d 502, 512 (2004).  In reviewing a ruling on a motion to suppress, we defer to the trial court's credibility determinations and factual findings, and we will not disturb those findings unless they are against the manifest weight of the evidence.  *People v. Slater*, 228 Ill. 2d 137, 149 (2008).  We review *de novo* the ultimate question of whether the motion to suppress should have been granted. *People v. Lopez*, 2013 IL App (1st) 111819, ¶ 17.  Defendant does not dispute the trial court's finding that the officer detected and recognized the odor of burnt cannabis coming from defendant's vehicle.  Thus, we need only consider the ultimate question of whether that information provided probable cause to search, which we review *de novo*.

¶ 10    It is well established that a police officer may search a vehicle without a warrant when he has probable cause to believe that the vehicle contains evidence of a crime.  *People v. Contreras*, 2014 IL App (1st) 131889, ¶ 28 (citing *People v. Jones*, 163 Ill. 2d 302, 312 (1994).  Before decriminalization. our supreme court held that the smell of burnt cannabis coming from a vehicle provided probable cause to search both the vehicle and the driver.  *People v. Stout*, 106 Ill. 2d 77, 81-87 (1985).

¶ 11    Several Illinois decisions, decided after the ruling on the motion to suppress, have rejected defendant's argument that the decriminalization of small amounts of cannabis undermines probable cause.  See *People v. Rice*, 2019 IL App (3d) 170134, ¶¶ 23-25 (the odor of burnt cannabis coming from a vehicle provides probable cause to search); *In re O.S.*, 2018 IL App (1st) 171765, ¶ 29 (same).  As noted in *Rice*, decriminalization is not the same as complete legalization.  *Rice*, 2019 IL App (3d) 170134, ¶ 24.  Because *Rice* and *O.S.* are well-reasoned, we follow them and

hold that decriminalization of cannabis did not preclude the officer from relying on the odor of burnt cannabis as a basis for probable cause to search a vehicle.[2]

¶ 12    Defendant argues that the officer lacked probable cause to search, because the odor he detected might have come from legal medical cannabis. No Illinois court has directly addressed whether possession and use of cannabis for medical purposes undermines probable cause based on the odor of burnt cannabis. However, the court in *O.S.* cited with approval several decisions from other states that had held that the legal use of medical marijuana did not undercut the reliance on the smell of burnt cannabis as the basis for probable cause to search a vehicle. *O.S.*, 2018 IL App (1st) 171765, ¶ 28 (citing *State v. Sisco*, 373 P.3d 549, 553 (AZ. 2016); *State v. Senna*, 79 A.3d 45, 50-51 (VT 2013); *People v. Strasburg*, 56 Cal. Rptr. 3d 306, 311 (Cal. Ct. App. 2007)); see also *Rice*, 2019 IL App (3d) 170134, ¶ 23 (relying on both *Sisco* and *Senna*). The courts in *O.S.* and *Rice* signaled clearly that the statutorily authorized possession and use of cannabis for medical purposes does not preclude the reliance on the odor of burnt cannabis as a basis for probable cause. We agree. There are numerous exceptions to, and limitations on, the possession and use of cannabis for medical purposes set forth in the Compassionate Use of Medical Cannabis Pilot Program Act (410 ILCS 130/30 (West 2016)), including the use in a motor vehicle (410 ILCS

----

[2] We note that the Appellate Court, Fourth District, has held that, irrespective of the decriminalization of small amounts of cannabis, the smell of raw cannabis inside a vehicle continues to provide probable cause to search the vehicle. See *People v. Hill*, 2019 IL App (4th) 180041, ¶ 36, *appeal allowed*, No. 124595 (Ill. May 22, 2019). Because the issue before us involves the smell of burnt cannabis, we offer no opinion on whether the smell of raw cannabis continues to provide probable cause to search a vehicle.

130/25 (West 2016)). Thus, notwithstanding the possible possession and use of medical cannabis for medical purposes, the smell of burnt cannabis emanating from inside a vehicle continues to provide probable cause to search that vehicle. Accordingly, like the decriminalization of cannabis, the possession and use of medical cannabis is not synonymous with the complete legalization cannabis.

¶ 13    Defendant relies on *Commonwealth v. Cruz*, 945 N.E.2d 899 (Mass. 2011), to support his argument that the decriminalization of cannabis precludes the reliance on the smell of cannabis as a basis for probable cause. However, both *Rice* and *O.S.* expressly rejected the rationale of *Cruz*. *Rice*, 2019 IL App (3d) 170134, ¶¶ 21-24; *O.S.*, 2018 IL App (1st) 171765, ¶¶ 27-29. As discussed, we agree with the reasoning in both *Rice* and *O.S.* Thus, we are unpersuaded by *Cruz*. Further, we are not bound by decisions from other states. *People v. Qurash*, 2017 IL App (1st) 143412, ¶ 34.

¶ 14    That leaves defendant's suggestion that, because the very recent Cannabis Regulation and Tax Act (Act) (see Pub. Act 101-0027 (eff. June 25, 2019) (adding 410 ILCS 705/1-1 *et seq.*)) decriminalizes the possession and use of cannabis by someone over 21 years old, the odor of burnt cannabis emanating from a vehicle is no longer a proper basis for probable cause to search the vehicle. The new law became effective well after the ruling on the motion to suppress. Defendant does not cite any authority in support of applying the law retroactively. In contrast, the State cites *People v. Hardin*, 203 Ill. App. 3d 374 (1990), for the proposition that a court must apply the law in effect when defendant committed the offense. In *Hardin*, the court held that a new version of the law, which took effect a week before the trial court ruled, applied. *Hardin*, 203 Ill. App. 3d at 376. Here, however, the Act was not effective until after the ruling on the motion to suppress. Thus, *Hardin* does not support the State.

¶ 15     Here, the Act implemented substantive changes to the legal possession and use of cannabis, and therefore it applies only prospectively.  See *People v. Gilsson*, 202 Ill. 2d 499, 508 (2002) (in criminal cases retroactive application is prohibited where statutory changes alter or repeal the crime itself); *People v. Digirolamo*, 179 Ill. 2d 24, 50 (1997) (substantive change to a criminal statute does not apply retroactively).  Thus, the Act was not effective at the time of the search, so its limited decriminalization of cannabis may not be a basis for reversing the probable cause determination to search defendant and his vehicle.

¶ 16                                             III. CONCLUSION

¶ 17     For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 18     Affirmed.