**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190228-U

Order filed April 14, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0228 Circuit No. 18-CF-435 |
| | ) | |
| OMAR ALMANZA, | ) ) | Honorable Frank R. Fuhr, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court did not err by denying defendant's motion to suppress evidence and finding the search warrant application provided probable cause to issue a search warrant for defendant's residence.

¶ 2     Defendant, Omar Almanza, appeals his convictions for possession with intent to deliver a controlled substance. Defendant argues the Rock Island County circuit court erred by holding there was probable cause to search his residence because the totality of the circumstances did not establish a substantial basis for the warrant judge to find a fair probability that evidence of criminal

activity would be found in defendant's residence, and the good-faith exception did not apply because the executing officers could not have reasonably believed the search warrant was valid. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On May 10, 2018, Officer Jonathan Shappard filed a search warrant application averring he received information from a confidential informant that illegal narcotics were being sold at defendant's residence. The warrant application stated that Shappard conducted trash surveys on April 12 and April 28, 2018, of the trash left out on the ground commonly used for waste pickup at the residence in question. Both times, Shappard discovered a substance that tested positive for cannabis, along with indicia of residency in the form of mail addressed to the listed address.

¶ 5        Shappard also averred that he confirmed with the Illinois Department of Public Health that, as of their last report, there were 23,300 medical marijuana card holders in Illinois, or less than 0.2% of the state's population. Shappard checked the Rock Island Police Department's computer records for all individuals who listed defendant's residence as their primary address, and he found that none of the house's current residents owned a valid medical marijuana card. The warrant was issued and executed on May 10, 2018, the same day that Shappard submitted the warrant application.

¶ 6        Officers executed the warrant, finding cocaine in defendant's residence and on his person. The officers arrested defendant, and on May 11, 2018, the State charged him with two counts of possession with intent to deliver a controlled substance (720 ILCS 570/407(b)(1), (c) (West 2018)). Count I alleged that defendant possessed with the intent to deliver between 1 and 15 grams of cocaine within 500 feet of an elementary school. Count II alleged the same offense minus the school location enhancement.

¶ 7 On July 23, 2018, defendant filed a motion to suppress evidence. At the hearing on the motion, defendant argued that the warrant lacked evidence of drug sale activity in his residence, as the officers failed to find any indication of drug sales in the trash, and the officers only found an amount of cannabis subject to a civil fine. Further, defendant argued that the legislature's decriminalization of the possession of small amounts of cannabis rendered case law holding that any amount of cannabis found in the trash amounted to probable cause to search a house inapplicable. The State insisted that any amount of cannabis in the trash was enough to establish probable cause to search the residence and urged the court not to give the confidential informant's statement much weight because it was only there to demonstrate that the trash search was not random.

¶ 8 The court denied the motion, holding that, under *People v. Balsley*, 329 Ill. App. 3d 184 (2002), the fact that officers twice found a small quantity of cannabis in sealed trash along with indicia of residency provided probable cause to search the house. The court found that, under *In re O.S.*, 2018 IL App (1st) 171765, the decriminalization of possession of less than 10 grams of cannabis merely changed the penalty but did not make cannabis legal, so its presence in the trash still provided probable cause to search defendant's residence. The court gave no weight to the confidential informant's statement, declaring it "simply historical information given by the officers to explain their later course of action."

¶ 9 During a stipulated bench trial, the parties stipulated that Officer Ryan DeRudder would testify that he executed the search warrant of defendant's residence. Defendant returned home during the execution of the search warrant, and DeRudder detained him when he exited his vehicle. DeRudder searched defendant and discovered cocaine and $680. He then searched defendant's vehicle, finding more cocaine and a cell phone.

¶ 10 Shappard would testify that he also executed the search warrant on defendant's residence, where he discovered cocaine and a bag of a white substance commonly used to cut cocaine for sale.

¶ 11 Officer Phillip Ledbetter would testify that, on the day in question, he was responsible for surveilling defendant. Ledbetter saw defendant conduct a hand-to-hand transaction with an unknown person that was consistent with a drug delivery. As Ledbetter followed defendant, they drove within 353 feet of an elementary school. When Ledbetter interviewed defendant after the arrest, defendant waived his *Miranda* rights and said the cocaine found in his vehicle, in his home, and on his person belonged to him, and that he was selling narcotics for extra money.

¶ 12 Defense counsel objected to the school location enhancement in order to preserve defendant's right to appeal the suppression issue. The State moved to remove the school location enhancement from count I, reducing the charge from a Class X offense to a Class 1 offense, which the court granted. The charge reduction did not alter the corollary sentence. The court found defendant guilty on both counts and sentenced him to two concurrent terms of six years' imprisonment, one for each count, per the State's recommendation. Defendant appeals.

¶ 13                                        II. ANALYSIS

¶ 14 Defendant argues that (1) the court erred by finding probable cause to search his residence for contraband and evidence of drug sales because the totality of the circumstances did not establish a substantial basis for the warrant judge to find a fair probability that evidence of criminal activity would be found in his residence, and (2) the good-faith exception should not apply because the executing officers could not have reasonably believed the search warrant was valid.

¶ 15 "Whether probable cause exists in a particular case depends on the totality of facts and circumstances known to an affiant applying for a warrant at the time the warrant is sought." *People*

*v. McCarty*, 223 Ill. 2d 109, 153 (2006). The warrant judge must " 'make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, *** there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *People v. Hickey*, 178 Ill. 2d 256, 285 (1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). A reviewing court must not substitute its judgment for that of the warrant judge. *People v. Teague*, 2019 IL App (3d) 170017, ¶ 12. Instead, we must decide whether the warrant judge had a substantial basis for concluding that probable cause existed. *Id.* " 'Although we review a circuit court's ruling on a motion to suppress *de novo* [citation], we defer to an issuing judge's determination of probable cause and resolve any doubts in favor of upholding a warrant that has been issued.' " *Id.* (quoting *People v. Rodriguez*, 2018 IL App (1st) 141379-B, ¶ 48).

¶ 16    Defendant argues it was unreasonable for the warrant judge to find that the cannabis found in the trash was contraband, citing the Compassionate Use of Medical Cannabis Pilot Program Act (410 ILCS 130/1 *et seq.* (West 2018)) and our supreme court's decision in *People v. Hill*, 2020 IL 124595, ¶ 34, which held that "the mere presence of cannabis for medical users may no longer be immediately attributable to criminal activity or possession of contraband." However, in *People v. Rice*, 2019 IL App (3d) 170134, ¶ 23, we held that most courts "have found that decriminalization is not synonymous with legalization," and therefore the odor of cannabis indicated criminal activity (citing *O.S.*, 2018 IL App (1st) 171765, ¶ 28). Cannabis possession remains unlawful under the Cannabis Control Act. See 720 ILCS 550/4 (West 2018) ("It is unlawful for any person knowingly to possess cannabis."); *Rice*, 2019 IL App (3d) 170134, ¶ 24. "Under Illinois law, the knowing possession of cannabis is still a criminal offense and possession of more than 10 grams remains an unlawful act subject to criminal penalties." *Rice*, 2019 IL App (3d) 170134, ¶ 24. Thus, the presence of cannabis in defendant's trash provided a substantial basis for the warrant

5

judge to conclude that probable cause existed to search defendant's residence for contraband and evidence of drug sales.

¶ 17     Defendant also argues that the good-faith exception does not apply in this case. Because the warrant application presented a substantial basis for finding that probable cause existed, we need not reach this issue.

¶ 18                                    III. CONCLUSION

¶ 19     The judgment of the circuit court of Rock Island County is affirmed.

¶ 20     Affirmed.